1  LaRIVIERE, GRUBMAN & PAYNE, LLP
   Robert W. Payne, Esq. (Bar No. 073901)
2  Post Office Box 3140
   19 Upper Ragsdale Drive
3  Monterey, CA  93942-3140
   Telephone: (831) 649-8800
4  Facsimile: (831) 649-8835

5  Attorneys for Plaintiff
   TORCO INTERNATIONAL CORP.

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  TORCO INTERNATIONAL CORPORATION, a )  Case No:
   California corporation,              )
10                                      )  COMPLAINT FOR FEDERAL
                   Plaintiff,           )  TRADEMARK INFRINGEMENT
11 vs.                                  )
                                        )
12                                      )
   DRIVEN RACING OIL, LLC, a North Carolina )
13 limited liability company,           )
                                        )
14                 Defendant.           )
                                        )
15                                      )
                                        )
16 _____  )

17        Plaintiff, TORCO INTERNATIONAL CORP. (hereafter "Torco") alleges as follows:

18                    JURISDICTION AND VENUE

19        1.      This action arises under the Lanham Act, 15 U.S.C. §1114 et seq.  Jurisdiction

20 over the subject matter of this action is therefore proper under 15 U.S.C. §1121(a), which states

21 that the district courts shall have "original jurisdiction ...of all actions arising under this Act..."

22 Jurisdiction over the subject matter of this action is also proper under 28 U.S.C. §1331.

23        2.      Venue in this judicial district is proper under 28 U.S.C. §1391 (b) and (c).

24 Defendant has the capacity to sue and be sued in its common name.  Defendant has on a

25 continual basis committed infringing acts alleged below within the Northern District of

26 California, in business interactions purposefully elicited by defendant with or directed to

27

28

residents of said District, including, *inter alia*, actively soliciting and causing infringing sales within and to the District, Internet Website advertising and promotion, and other promotion and media advertising within said district, and other use of the infringing mark which harms plaintiff within said district.

INTRADISTRICT ASSIGNMENT

3.     This is an Intellectual Property case subject to district-wide assignment under Local Rule 3-2.

THE PARTIES

4.     Plaintiff is a corporation existing under the laws of California, with its principal place of business in Rancho Cucamonga, California.

5.     Plaintiff is informed and believes, and based thereon alleges, that defendant Driven Racing Oil, LLC ("Driven") is a North Carolina limited liability company, having its principal place of business in Huntersville, North Carolina.

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

6.      On or about October 7, 2013, Plaintiff filed Application No. 86/084,963 with the United States Patent and Trademark Office (USPTO) to register the mark "MTF" for use with transmission oils.   On or about June 10, 2014, the USPTO issued Registration No. 4,547,159 to Plaintiff on the Principal Register of the USPTO.  Plaintiff has been using said mark in commerce since 1998 for motorcycle transmission fluid and other transmission oils.

7.     On or about October 7, 2013, Plaintiff filed Application No. 86/084,923 with the United States Patent and Trademark Office (USPTO) to register the mark "MTF" for use with transmission oils.   On or about June 10, 2014, the USPTO issued Registration No. 4,547,156 to

Plaintiff on the Principal Register of the USPTO.  Plaintiff has been using said mark in commerce since 1969 for motorcycle transmission fluid and other transmission oils.

8.    Collectively, both of the aforesaid registered trademarks are referred to herein as "The Marks".

9.    Plaintiff  has extensively advertised and promoted all of  The Marks.  Moreover, plaintiff has invested substantial time, energy, and resources to develop The Marks.  The Marks are strong and distinctive.

10.    Plaintiff is informed and believes, and based thereon alleges, that from and after the above dates, defendant commenced use in commerce of the mark  "MTF, which is confusingly similar to The Marks owned by plaintiff.  Defendant has used said confusingly similar mark in connection with transmission oil and fluids.

11.    Plaintiff is informed and believes, and based thereon alleges that defendant sells its products in the same channels of trade as those of plaintiff.

<u>COUNT I</u>
(Federal Trademark Infringement - 15 U.S.C. §1125(a))

12.    Plaintiff realleges each and every allegation of paragraphs 1 through 11, inclusive, as if set forth verbatim.

13.    Defendant's commercial use of defendant's trademark "MTF" has caused and is likely to continue to cause confusion, deception and mistake in the marketplace with plaintiff's registered trademarks.

14.    Plaintiff  has been and continues to be injured by defendant's infringing  use of defendant's "MTF" mark.

15.    Unless enjoined and restrained by the Court, defendant will continue to engage in such infringing conduct.  Plaintiff has no adequate remedy at law.

Torco International Corp. v. Driven Racing Oil, LLC
Complaint

16.     Plaintiff further alleges that it has been damaged as a result of defendant's infringing actions.   Plaintiff is informed and believes and based thereon alleges that defendant's actions are knowing, willful and intentional.  The aforesaid conduct entitles plaintiff to recover defendant's wrongful profits, plaintiff's lost profits and other damages, and enhanced damages and profits and plaintiff's attorneys' fees and costs under 15 U.S.C.§1117.

WHEREFORE, plaintiff prays for judgment as follows:

1.     For damages, including defendant's profits, disgorgement, restitution or other compensation or monetary remedy, according to proof;

2.     An award of prejudgment interest from the date of each wrongful act;

3.     For punitive, exemplary and/or treble damages, according to proof;

4.     For an award of attorneys' fees and costs;

5.     For an accounting and payment by defendant over to plaintiff of all profits realized by defendant from sales of its infringing goods.

6.     For preliminary and permanent injunctive relief, enjoining defendant from continuing to engage in unauthorized sales, infringement of plaintiff's trademark rights, from continuing to engage in unfair competition, and from continuing to interfere with plaintiff's prospective economic advantage; and

7.     For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

Dated: August 14, 2014          LARIVIERE, GRUBMAN & PAYNE, LLP


By:     /Robert W. Payne/
        Robert W. Payne
        Attorneys for Plaintiff
        Torco International Corporation

Torco International Corp. v. Driven Racing Oil, LLC
Complaint